IN this case the following statement and opinion were delivered by the president, September 28th, 1811.
This is an action of debt, brought by the justices of Amelia county for the benefit of Thomas Bolling Man-executors, against Vision Brooking, executor of Robert Munford, and Thomas Munford, his security, op executor’s bond; and the • plaintiffs assigned for breaches, that the defendant, Brooking, had not performed the conditions of the bond, but had wasted the assets, . 7 and bad not paid the plaintiff the amount of a judgment obtained against him, as executor aforesaid ; on which an exception had issued, and been returned nulla bona. *549 The plea “not guilty,” and issue thereon. At the trial of the cause, the plaintiffs filed a bill of exceptions, stating that the Court instructed the jury, that, “ unless the plaintiffs proved that they had instituted a suit against the defendant, executor,” {the suit having been dismissed against the security,) “ suggesting a devastavit, and recovered judgment therein against him. they ought to find for the defendantwhich they did accordingly ; and a judgment was entered on the verdict •, from which the plamtuis appealed to this Court. The only question seems to be, whether the instruction given to the jury was correct, or erroneous ?
It has been settled by a variety of decisions of this Court, that securities in an executor’s or administration bond canuot be charged ¿or the misconduct or mal administration of their principal (even where he is made a paity to the action,} before he be charged by a suit, and a devastavtt established against him : but this Court has never gone so far as to make that a necessary previous step, where the principal alone is sued on an executor’s or administration bond , because, in such an action, he has a fair opportunity of making a full defence, by pleading, and proving, that he has fairly, and fully, administered the estate.
On these principles, had the security, Thomas Mun-,ford, remained a defendant in the suit now before us, the instruction given to the jury, as stated in the bill of exceptions, would, in my apprehension, have been correct and proper : but as the suit had been previously dismissed as to him, the principal, Vivion Brooking, executor of Robert Munford. stood on the same ground as if he' had been the only original defendant: and as, on the issue of not guilty, he might well have given in evidence that he had duly and fully administered the estate of his testator, it seems to me that the instruction to the jury, stated in the bill of exceptions, was erroneous; I am, therefore, of opinion,’ that the judgment be reversed, and the cause remanded to the superior county Court *550 of Amelia, for a new trial to be had therein; upon which trial, no such instruction is to be given to the jury.
The following was entered as the Court’s opinion..
“ The Court (without deciding whether the instruction would have been proper, had Thomas Munford, the security, remained the defendant in the cause) is of opinion, that the said judgment is erroneous, in this, that, on the trial of the cause, the said Court instructed the jury that, unless the appellants proved that they had instituted a suit against the said Vivion Brooking, suggesting a devastavit, and recovered judgment against him, they ought to find for the said Vivion.”
Judgment reversed, and new trial awarded.